IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,299-01 & -02






EX PARTE PAUL HERRERA, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 93-M-314 & 93-M-315 IN THE 130TH DISTRICT COURT


FROM MATAGORDA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital
murder and aggravated robbery and sentenced to two terms of life imprisonment. He did not appeal
his convictions.

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he advised Applicant to plead guilty and failed to investigate his case, interview witnesses,
and present mitigating evidence. On November 18, 2008, the trial court entered two orders
designating issues to be resolved, but no findings of fact and conclusions of law were forwarded to
this Court. We believe these applications were prematurely forwarded to this Court. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. It appears from
the record that trial counsel has filed an affidavit in response to Applicant's claims of ineffective
assistance of counsel.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 4, 2009

Do not publish